# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,           **:**

           **:**      **ID No. 1601018526**

      **v.**           **:**      **In and for Kent County**

           **:**

**JEFFREY W. ORI,**           **:**

           **:**

      **Defendant.**        **:**

*Submitted: June 21, 2016*
*Decided: June 22, 2016*

*Upon Consideration of Defendant's*
*Motion to Suppress*
**DENIED**

## ORDER

David B. Snyder, Esquire, Deputy Attorney General, Department of Justice, Dover, Delaware for the State of Delaware.

James E. Liguori, Esquire, Liguori & Morris, Dover, Delaware for Defendant.

Young, J.

## DECISION

Counsel in this case have called for a review of the Search Warrant Affidavit presented to the Magistrate in order to obtain authority to draw blood from Defendant to test for B.A.C.

The Affidavit presents the following facts upon which the authority was sought:

1) Affiant has experience and training in DUI situations;

2) Defendant was involved in a property damage vehicle accident;

3) Defendant evidenced a strong odor of alcohol on his breath;

4) Defendant had been observed by another officer "driving recklessly";

5) Defendant had difficulty even standing;

6) Defendant had dilated pupils;

7) Defendant's speech was confused and slow;

8) Defendant urinated while in the back seat of Affiant's patrol vehicle;

9) Defendant refused to submit to field tests;

10) Defendant was belligerent;

11) Defendant, in response to Affiant's questioning, advised that he'd had "a lot to drink";

12) Defendant had been convicted previously of DUI four times;

13) Defendant refused to submit to an intoxilyzer test.

On the surface, those assertions would appear to satisfy the requirements to justify a Magistrate's determination of probable cause to authorize the requested

Search Warrant. The recent *Lambert v. State* case,[1] noted that the Magistrate is to apply a "totality of the circumstances" test to decide if "there is a fair probability that...evidence of a crime will be found." In that case, the officer/affiant arrived upon the scene of an "injury accident," observing a Trailblazer with damage to its rear and a motorcycle lying on its side. The Trailblazer driver identified Lambert as the motorcycle driver.

The officer smelled the odor of alcohol on Lambert's breath. Lambert, displaying physical injury, was observed to have bloodshot eyes. Lambert admitted hitting the Trailblazer.

The *Lambert* Court concluded that the rear end collision, plus Lambert's "watery, bloodshot eyes," plus the detection of the odor of alcohol on Lambert's breath, constituted sufficient information, in its totality, to provide probable cause to test the blood of Lambert, and to deny his motion to suppress.

Since the Affidavit in the case at bar contains assertions of Defendant's having been in an accident, having exhibited dilated pupils and slurred speech, and having been observed to have the odor of alcohol on his breath, the instant Affidavit would appear superficially to be entirely adequate to support the issuance of the Search Warrant, in that the other nine assertions could even be disregarded.

Counsel for Defendant, however, argues that the elements in *Lambert* and in this case are not "on all fours" so to speak, and that many of the other assertions are improper, and must be viewed as having improperly influenced the Magistrate.

---

[1] *Lambert v. State*, 110 A.3 1253 (Del. - 2015).

As to the former position, Defendant claims that a "property damage" accident differs in kind from a recognized personal injury accident involving two vehicles. Next, dilated pupils, with a person whose vehicle had been in an accident, is not at all the same thing as "bloodshot and watery" eyes.

As to the "improper allegations," Defendant points to items 4, 9, 10, 11, 12 and 13. Respectively, item 4 indicates merely that a non-affiant, at some time prior to the accident, had made some observation, which was insufficient to engender any immediate action, merely noting a coincidence between an observation of some non-descript erratic driving and a later accident without any observed nexus between the two.

As to 9 and 13 – Defendant's refusal to submit to tests – that action on the part of Defendant was his legal right, would be inadmissible in evidence, and began the "poisoning of the well" in the presentation to the Magistrate.

Item 10, the Defendant's "belligerency," since it was not at all defined, could simply be the Affiant's description of Defendant's refusal to submit to testing.

Item 12, the recitation of Defendant's having been convicted previously of a DUI 4th, must be read as an assertion, which was totally irrelevant to the probable cause issue, and was done merely to persuade the Magistrate improperly.

The final concern is the allegation (number 11) that Defendant admitted to the Affiant that he had "had a lot to drink." That statement, which arguably could support probable cause on its own, was made by Defendant *after* he had been in first one and then a second custodial vehicle, in circumstances where any reasonable person would perceive that he was not free to depart; but *before* any

Miranda warnings had been administered; and was in response to the questioning of Affiant, a police officer. Without a binding finding, indeed without argument, the statement can be viewed – at least at this juncture – as inadmissible evidence, because of the absence of the warnings.

The State has argued that any "Miranda claim" is irrelevant in this context of inclusion in a probable cause affidavit. The State cites *Fuentes v. State*, a Superior Court decision from 2002 not reported in the Atlantic Reporter system.[2] That case, however, is expressly based upon the context of "an ordinary traffic stop." That is not the case here. In fact, when any activity that might have given rise to an ordinary traffic stop was observed, the observing officer specifically did NOT make a stop at all. Rather, at some later point, after an unobserved accident occurred, Defendant was placed into custody. While Defendant was so detained, the Affiant was called from some other location to the scene. There, he transferred Defendant from one custodial vehicle to his own police vehicle, commenced his questioning, and obtained the statement from Defendant.

So, working from back to front, the conclusion is that the "had a lot to drink" statement was improperly included in the Affidavit, because of the failure to administer Miranda warnings.

Next, while the State has analogized situations in which a probable cause affidavit could legitimately – even necessarily – contain references to prior convictions, this is not one where any relevancy exists.

---

[2] *Fuentes v. State*, 2002 WL 32071656 (Super.).

5

The references to Defendant's refusal to submit to tests, and for these purposes the intertwined claims of belligerency, are likewise improper under the circumstances of this consideration.

In spite of all of that, though, there undisputedly exists the accident, the odor of alcohol on Defendant's breath, and Defendant's having urinated while seated in Affiant's police vehicle. Even if the dilated pupils, the confused speech, and the difficulty standing could be attributed somewhat to the effects of the accident, they nevertheless provide both the Affiant and the Magistrate support for the totality of circumstances to support the issuance of a Search Warrant.

Granting the impropriety of the above discussed items (4, 9, 10, 11, 12 and 13), those would not negate the presence of the legitimate assertions. Those legitimate items are sufficient in and of themselves to present probable cause. Presumably, the Magistrate would be capable of separating the wheat from the chaff, and disregarding the latter. Yet, even if not, the remaining proper itemizations, where viewed in the totality of the circumstances, provide sufficient information for probable cause that Defendant had operated his vehicle while under the influence of alcohol.

Accordingly, Defendant's Motion to Suppress the evidence of the blood draw is **DENIED**.

6

*State v. Ori*
*ID No.: 1601018526*
*June 22, 2016*

   **IT IS SO ORDERED**.


         /s/ Robert B. Young    
              J.


oc: Prothonotary
cc: Counsel
  Opinion Distribution